UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEROME LENORDA POWELL, II,<br><br>Plaintiff,<br><br>v.<br><br>WHATCOM COUNTY JAIL, et al.,<br><br>Defendants. | CASE NO. C22-0728JLR-TLF<br><br>ORDER |

## I. INTRODUCTION

Before the court are: (1) Defendant the City of Bellingham's ("the City") motion to dismiss Plaintiff Jerome Lenorda Powell, II's complaint (City MTD (Dkt. # 18); City Reply (Dkt. # 24)); (2) Defendants Whatcom County Jail and Breanna Brock's (collectively, the "Whatcom Defendants") motion to dismiss Mr. Powell's complaint (Whatcom MTD (Dkt. # 14); Whatcom Reply (Dkt. # 22)); and (3) Mr. Powell's motion for an extension of time (Mot. for Ext. (Dkt. # 25)). Mr. Powell, who proceeds *pro se* and *in forma pauperis* ("IFP"), opposes the Whatcom Defendants' motion, voluntarily

ORDER - 1

dismisses Ms. Brock, fails to respond to the City's motion, and seeks a continuance to gather additional evidence. (Resp. (Dkt. # 21).) The court has reviewed the parties' submissions, the balance of the record, and relevant law. Being fully advised, the court GRANTS the City's motion to dismiss; GRANTS in part and DENIES in part the Whatcom Defendants' motion to dismiss; DENIES Mr. Powell's motion for an extension of time; and GRANTS Mr. Powell leave to amend his complaint with respect to his claims against the Whatcom County Jail.

## II.   BACKGROUND

At all times relevant to the instant litigation, Mr. Powell was detained in the Whatcom County Jail awaiting trial. (*See, e.g.*, Compl. at 4; Whatcom MTD at 3; Bellingham MTD at 2[1].) Mr. Powell alleges that while he was housed in the Whatcom County Jail, his cell was infested with bed bugs and he developed a rash as a result. (*See* Compl. at 4-5.) Mr. Powell states that he twice "cleaned and switched rooms, blankets[,] and clothes" to evade the bed bugs but the bugs followed him to other cells. (*Id*. at 5.) Mr. Powell further alleges that because he was associated with the bed bugs, other detainees threatened him with violence. (*Id*.)

Mr. Powell submitted kites on October 29 and 31, 2019, in which he complained of rashes on his legs, buttocks, and stomach. (*See* Jones Decl. (Dkt. # 15) ¶ 7, Ex. B ("Kites") at 10-11.[2]) In each of these kites, Mr. Powell attributed the rash to an allergy to

---

[1] The court uses the page numbers in the CM/ECF header unless otherwise noted.

[2] The court incorporates the kites by reference. The court may consider extrinsic materials on which the complaint necessarily relies without converting a 12(b)(6) motion to

soap and hard water and requested hydrocortisone cream. (*Id.*) Whatcom County Jail's medical chart notes for Mr. Powell show that Mr. Powell received medical care for his rash. (*See* Resp. at 12-15 ("Medical Chart Notes"); *see also* Brock Decl. (Dkt. # 16) ¶¶ 3-4, Ex. A ("Whatcom Medical Chart Notes").[3]) Specifically, medical clinic staff provided Mr. Powell with hydrocortisone cream at least twice, on November 1 and 2, 2019. (Medical Chart Notes at 14.) The chart notes also show that Mr. Powell sought additional treatment for bed bugs on December 3, 4, and 12, 2019, but that medical staff found "no signs of bites or rash" on December 3, 2019 and "no medical findings" of bed bugs on December 4, 2019. (*See id* at 13.) Despite these records of medical attention, Mr. Powell asserts that "nothing was ever done about" the bed bug infestation and that the bed bugs followed him to a new facility after he was transferred there. (Compl. at 5.)

Mr. Powell filed a prisoner civil rights complaint on May 26, 2022, and Magistrate Judge Theresa L. Fricke granted his application to proceed with IFP status. (*See* Dkt.) Because Mr. Powell proceeds *pro se*, the court construes Mr. Powell's pleadings liberally. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Mr. Powell alleges that Defendants' responses to his complaints regarding the bed bugs amounted to deliberate indifference in violation of his right under the Eighth Amendment to the

---

dismiss into a motion for summary judgment. (*See* Compl. at 4, 6 (discussing Mr. Powell's kites)); *see also Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).

[3] The court also incorporates by reference the chart notes. (*See supra* n.2.) Although both parties have submitted excerpts from Mr. Powell's medical chart notes, the court relies on Mr. Powell's version of the notes because they are more complete. (*Compare* Medical Chart Notes *with* Whatcom Medical Chart Notes.)

United States Constitution to be free from cruel and unusual punishment and that Defendants' conduct violated his right to be free from cruel punishment under Article I, Section 14 of the Washington State Constitution. (Compl. at 4.) Mr. Powell further asserts a claim for "professional negligence." (*Id.*) In his response to the motions, Mr. Powell seeks a 30-day "continuance" in order to collect affidavits from witnesses in support of his claims and indicates his intent to re-file an amended complaint against the Whatcom County Jail alone. (Resp. at 3-5.) Mr. Powell also separately filed a motion for a 90-day continuance on November 9, 2022, stating that he could not yet access the law library or receive legal mail following a transfer to a new facility and service disruptions related to COVID-19. (*See* Mot. for Ext.)

### III.   ANALYSIS

The court reviews the standard for evaluating a motion to dismiss before turning to the Defendants' motions.

**A.   Motion to Dismiss for Failure to State a Claim.**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under this standard, the court construes the complaint in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is not, however, required to accept as true legal conclusions or

"formulaic recitation[s] of the legal elements of a cause of action." *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff who brings civil rights claims under 28 U.S.C. § 1983 must "identify the specific constitutional [or federal statutory] right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**B.     The City's Motion to Dismiss.**

The City argues that Mr. Powell's claims against it must be dismissed because, in relevant part, "Mr. Powell fails to articulate any facts that connect the City to his incarceration at Whatcom County Jail." (Bellingham MTD at 5-6; *see also* Compl. (failing to allege any actions by the City or its employees).) Mr. Powell does not respond to the City's arguments, let alone direct the court to any facts in the complaint that would allow it to draw a reasonable inference that the City is liable for any of the misconduct. (*See generally* Resp.); *see also Iqbal*, 556 U.S. at 678. Under this court's local rules, the court may consider a party's failure to oppose a motion as an admission that the motion has merit. Local Rules W.D. Wash. 7(b)(2).

Accordingly, because Mr. Powell has not articulated any claim for relief against the City, the court GRANTS the City's motion to dismiss Mr. Powell's complaint with respect to his claims, if any, against the City.

**C.  The Whatcom Defendants' Motion to Dismiss.**

Mr. Powell has voluntarily dismissed his claims against Ms. Brock. (*See* Resp. at 4.) The court considers Mr. Powell's claims against the Whatcom County Jail below.

    1.    <u>Mr. Powell voluntarily dismisses Ms. Brock.</u>

In his response, Mr. Powell states, "I[']m willing to dismiss Breanna Brock RN, BSN from this lawsuit." (Resp. at 4.) Accordingly, the court GRANTS the Whatcom Defendants' motion to dismiss Mr. Powell's claims against Ms. Brock without prejudice.

    2.    <u>Mr. Powell's alleged failure to exhaust administrative remedies is not properly before the court.</u>

The Prison Litigation Reform Act ("PRLA") "requires prisoners to exhaust 'such administrative remedies as are available' before filing suit in federal court." *Eaton v. Blewett*, 50 F.4th 1240, 1244 (9th Cir. 2022) (quoting 42 U.S.C. § 1997e(a)). "[F]ailure to exhaust is an affirmative defense under the PLRA" and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Thus, a defendant may only successfully move to dismiss for failure to exhaust in a Rule 12(b)(6) motion "in those rare cases where a failure to exhaust is clear from the face of the complaint." *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). Otherwise, "a defendant will have to present probative evidence . . . that the prisoner has failed to exhaust administrative remedies." *Id*. (citing *Jones*, 549 U.S. at 204).

Here, the Whatcom County Jail does not identify the portions of Mr. Powell's complaint that indicate that he failed to exhaust administrative remedies prior to filing the instant lawsuit *(see* Whatcom Mot. at 10-11) and the court does not find that Mr.

Powell's failure to exhaust his administrative remedies is clear from the face of the complaint (*see generally* Compl.).  Although the Whatcom County Jail relies on screenshots of its own grievance filing records in support of its exhaustion defense (*see* Whatcom Mot. at 10-11 (citing Jones Decl. ¶ 7, Ex. B at 17-28)), the court declines to consider those screenshots in evaluating the motion to dismiss because Mr. Powell does not rely on them in his complaint.  *See* Fed. R. Civ. P. 12(d); *Daniels-Hall*, 629 F.3d at 998.  Accordingly, the court DENIES the Whatcom Defendants' motion to dismiss for failure to exhaust administrative remedies as required by the PLRA because the argument is premature.  The Whatcom County Jail may raise this affirmative defense, if at all, on a motion for summary judgment.  *See Albino*, 747 F.3d at 1169.

         3.      <u>Mr. Powell fails to state a claim for "professional negligence."</u>

Mr. Powell asserts a claim for "professional negligence." (Compl. at 4.) Construing Mr. Powell's pleadings liberally, the court interprets this as a common law negligence claim that Whatcom County Jail failed to uphold its duty to keep Mr. Powell "in health and free from harm." *Gregoire v. City of Oak Harbor*, 244 P.3d 924, 927 (Wash. 2010) (noting that municipal jails owe a special, nondelegable duty of care to prisoners because of the custodian's complete control over detainees).  The standard is one of "ordinary, reasonable care." *Matter of Pauley*, 466 P.3d 245, 260-61 (Wash. Ct. App. 2020) (citing *Kusah v. McCorkle*, 170 P. 1023, 1025 (Wash. 1918)).

To survive the motion to dismiss, Mr. Powell must allege sufficient facts to allow the court to reasonably infer that the Whatcom County Jail failed to exercise ordinary, reasonable care in preventing foreseeable bed bug infestations and responding to his

complaints. *See id*. The court concludes that Mr. Powell has not discharged this burden. (*See generally* Compl.) Mr. Powell's conclusory statements that "nothing was ever done" (*see, e.g., id.* at 5) are not specific enough to state a plausible claim, *see Iqbal*, 556 U.S. at 678 (requiring that a complaint contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Moreover, as discussed in greater depth below, Mr. Powell's chart notes indicate that the Whatcom County Jail provided the medical care he requested and allowed him to clean his bedding and move to new cells. (*See infra* §§ III.C.4 & .5.) Accordingly, the court GRANTS the Whatcom Defendants' motion to dismiss with respect to Mr. Powell's negligence claim.

    4.    <u>Mr. Powell fails to state a plausible claim that the Whatcom County Jail acted with deliberate indifference.</u>

Mr. Powell asserts that the Whatcom County Jail acted with deliberate indifference to his complaints regarding bed bugs, in violation of his right under the Fourteenth Amendment to the United States Constitution to humane conditions of confinement. (*See* Compl. at 4; Resp. at 1-4); *see Farmer v. Brennan*, 511 U.S. 825, 828 (1994).[4]

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must show (1) they suffered a violation of rights protected by the United States Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under

---

[4] Although Mr. Powell asserts these rights under the Eighth Amendment (*see* Compl. at 4), his right to be free from cruel and unusual punishment in pre-trial detention, prior to conviction, is protected by the Fourteenth Amendment, *see Castro v. City of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016).

color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To succeed on a claim that detention officials exhibited deliberate indifference in violation of the constitutional right to be free from cruel and unusual punishment, a pretrial detainee must show the following:

> (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries.

*Sandoval v. Cty. of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021) (*citing Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018)) (internal quotation marks omitted). To satisfy the third element, a plaintiff "must show that the defendant's actions were objectively unreasonable, which requires a showing of more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. (internal quotation marks omitted). Moreover, "an inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain" a claim. *Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022). And, although prison officials have a duty to protect prisoners from violence by other prisoners, they are only liable when they are aware of and disregard a "substantial risk of serious harm" to the plaintiff. *Farmer*, 511 U.S. at 833, 837-38.

      Here, Mr. Powell does not plausibly allege that Whatcom County Jail officials failed to "take reasonable steps to abate" the risk that he would "suffer serious harm" as a

result of the bed bugs.  *See Sandoval*, 888 F.3d at 1125.  For this claim to survive a motion to dismiss, Mr. Powell would have had to plausibly allege that the Whatcom County Jail officials acted with "something akin to reckless disregard" when he reported the alleged infestation and his rash and sought medical treatment.  *Id*.  But Mr. Powell's complaint contains only the conclusory allegation that "nothing was ever done" (*see* Compl. at 5), which is insufficient to survive a motion to dismiss, *see Iqbal*, 556 U.S. at 678.  Moreover, the medical chart notes on which Mr. Powell relies demonstrate that within several days of requesting medical care through his kites, he received hydrocortisone cream for his rashes.  (*See* Kites at 10-11 (complaining of rash in late October 2019); *see* Medical Chart Notes at 14 (examining rash and providing hydrocortisone cream in early November 2019).)  Mr. Powell was again examined by medical clinic staff the following month, but staff was unable to identify any symptoms consistent with bed bugs.  (*See* Medical Chart Notes at 13 (finding "no signs of bites or rash" on December 3, 2019, and "no medical findings" of bed bugs on December 4, 2019).)

Mr. Powell also does not allege any facts to support a reasonable inference that Whatcom County Jail officials were deliberately indifferent to his complaints about the alleged bed bug infestation in his cell.  (*See* Compl.)  To the contrary, Mr. Powell states that he "cleaned and switched rooms, blankets[,] and clothes" twice to evade the bed bugs, which implies, at minimum, the consent and cooperation of the Whatcom County Jail.  (Compl. at 5.)  Finally, Mr. Powell does not allege that Whatcom County Jail officials were aware of the threats of violence from other inmates, that those threats

constituted a substantial risk of serious harm, or that the officials failed to protect him from any credible threats.  (*See id.*)

Even construing the facts in Mr. Powell's favor and his pleadings liberally, the court cannot conclude that Mr. Powell plausibly pleads that Whatcom County Jail officials were deliberately indifferent to his medical needs or complaints about the conditions of his confinement in violation of his constitutional rights.  Accordingly, the court GRANTS the Whatcom Defendants' motion to dismiss with respect to Mr. Powell's "deliberate indifference" claim.

      5.    <u>Mr. Powell fails to state a plausible claim that the Whatcom County Jail violated his right to be free from "cruel punishment."</u>

Unlike the United States Constitution, the Washington State Constitution prohibits inhumane conditions of confinement regardless of the detention officials' state of mind. *See Matter of Williams*, 496 P.3d 289, 302-03 (Wash. 2021) (explicitly rejecting federal deliberate indifference standard).  To successfully assert that conditions of confinement violate the Washington State Constitution's guarantee against cruel punishment, a detainee must show:  "(1) those conditions create an objectively significant risk of serious harm or otherwise deprive them of the basic necessities of human dignity and (2) those conditions are not reasonably necessary to accomplish any legitimate penological goal." *Id*. at 304.

Mr. Powell fails in the first prong.  Mr. Powell has not plausibly alleged that the Whatcom County Jail's responses to his complaints about bed bugs posed an "objectively significant risk of serious harm."  *See id*.  Mr. Powell sought and received medical care

...

for his rash and moved to a new room on two separate occasions. (*See* Medical Chart Notes at 13-14; Compl. at 5.) Mr. Powell does not plausibly allege that the threats of violence from other inmates were sufficiently severe or credible to pose objectively significant risks of serious harm. (*See* Compl. at 5 (stating only that he "was threatened with violence").) On these facts, the court cannot conclude that Mr. Powell was objectively at risk of serious harm and thus it need not reach the second prong of the analysis. Accordingly, the court GRANTS the Whatcom Defendants' motion with respect to Mr. Powell's state constitutional claim for cruel punishment.

**D.     Leave to Amend and Mr. Powell's Request for a Continuance.**

A district court that dismisses a claim under Rule 12(b)(6) should generally grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). The court dismisses Mr. Powell's complaint with respect to the City of Bellingham without leave to amend because the complaint does not assert any claims against the City that could be cured by amendment. The court, however, dismisses without prejudice and with leave to amend Mr. Powell's claims against the Whatcom County Jail.

If Mr. Powell continues to pursue his negligence claim against the Whatcom County Jail, he must include in his amended complaint short, plain statements articulating how Whatcom County Jail officials failed to exercise reasonable care in protecting his health and safety. *See Matter of Pauley*, 466 P.3d at 260-61; Fed. R. Civ. P. 8(a) (requiring a complaint to contain "a short and plain statement of the claim showing that

the pleader is entitled to relief"). If Mr. Powell continues to pursue his Section 1983 "deliberate indifference" claim against the Whatcom County Jail, he must name as defendants the specific official or officials who he alleges violated his constitutional rights, and include short, plain statements setting forth (1) how his conditions of confinement posed a substantial risk of serious harm, (2) that the officials were aware of the substantial risk of serious harm but failed to act or acted in a way that caused his injury, and (3) the specific injuries he suffered as a result of the officials' conduct or omissions. *See Sandoval*, 985 F.3d at 669. If Mr. Powell continues to pursue his "cruel punishment" claim against Defendant Whatcom County Jail, he must include short, plain statements alleging that his conditions of confinement objectively posed a substantial risk of serious harm and served no penological purpose. *See Matter of Williams*, 496 P.3d at 302-03. The court further reminds Mr. Powell of his obligations to exhaust administrative remedies prior to filing suit under the PLRA. (*See supra* § III.C.2.)

Mr. Powell's motion for extension of time does not respond to any motion by Defendants or order of the court and does not articulate a cognizable claim for relief. (*See* Mot. for Ext.) Accordingly, the court finds that no response from Defendants is necessary and DENIES Mr. Powell's motion. However, to allow Mr. Powell sufficient time to prepare his amended complaint, the court ORDERS Mr. Powell to file his amended complaint, if any, no later than January 31, 2023.

## IV. CONCLUSION

For the foregoing reasons, the court orders as follows:

(1) The court GRANTS the City of Bellingham's motion to dismiss and DISMISSES the City of Bellingham without prejudice and without leave to amend (Dkt. # 18).

(2) The court GRANTS in part and DENIES in part the Whatcom Defendants' motion to dismiss (Dkt. # 14). Specifically, the court (a) DENIES the Whatcom Defendants' motion to dismiss for failure to exhaust administrative remedies; (b) GRANTS the Whatcom Defendants' motion with respect to each of Mr. Powell's legal claims without prejudice and with leave to amend; and (d) DISMISSES Ms. Brock from this action without prejudice.

(3) The court DENIES Mr. Powell's motion for an extension of time (Dkt. # 25).

(4) The court GRANTS Mr. Powell leave to amend his complaint and ORDERS Mr. Powell to file his amended complaint, if any, no later than **January 31, 2023**. If Mr. Powell fails to timely file an amended complaint that remedies the deficiencies identified above, the court will dismiss his remaining claims against the Whatcom County Jail with prejudice.

Dated this 21st day of December, 2022.

JAMES L. ROBART
United States District Judge